UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

OMAR XOCHIMITL,

                              Petitioner,                  **ORDER**
                                                                                   20-CV-5510 (MKB) (LB)

            v.

CHRISTOPHER MILLER,

                              Respondent.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Petitioner Omar Xochimitl brings the above-captioned *pro se* petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a judgment of conviction in November of 2012, following a jury trial in New York Supreme Court, Kings County, for first degree manslaughter.[1] Petitioner was sentenced to twenty-five years' imprisonment to be followed by five years of post-release supervision. (Sentencing Tr. 17, Docket Entry No. 9-1.)

       On October 26, 2020, Petitioner filed the instant petition with the Southern District of New York, and the case was transferred to this Court on November 12, 2020. (*See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus ("Petition") 17, Docket Entry No. 2; Case Transfer Entry, Docket Entry No. 4.) Petitioner challenges his conviction on three grounds: (1) the police illegally entered his home without a warrant to arrest him; (2) the state trial court

---

[1] (Trial Tr. 1114–16, annexed to Response to Order to Show Cause as Ex. C, Docket Entry No. 8-3.) Because the filings that include the state court record are not continuously paginated, the Court refers to the page numbers assigned by the electronic case filing system, for ease of reference.

improperly discharged jurors based on scheduling conflicts; and (3) Xochimitl's sentence was excessive.[2]  (Petition 5–9.)  Respondent opposed the petition on January 8, 2021.  (Response to Order to Show Cause, Docket Entry No. 8.)  Petitioner replied on September 15, 2021, (Petitioner's Reply, Docket Entry No. 21), with an addendum filed on April 11, 2022, (Addendum to Reply, Docket Entry No. 22).  The Court referred the petition to Magistrate Judge Lois Bloom for a report and recommendation.  (Order dated May 16, 2023.)  By report and recommendation ("R&R") dated October 30, 2023, Judge Bloom recommended that the Court deny Petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254.  (R&R 13.)  Judge Bloom further recommended that no certificate of appealability be issued, and that for purposes of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying this petition would not be taken in good faith.  (*Id.*)

No objections to the R&R have been filed and the time for doing so has passed.[3]

---

[2]  Petitioner also included an unexhausted fourth claim for violation of his right to counsel. (Petition 10.)  Petitioner moved to stay these proceedings to allow him time to exhaust this claim, but his motion was denied because he had not established good cause for his failure to exhaust, and the claim was in any case found to be without merit.  (Order 14, Docket Entry No. 18.)  *See also* 28 U.S.C. § 2254(b)(1)(A) (requiring habeas petitioners to exhaust all state court remedies before filing a petition for writ of habeas corpus in federal district court).

[3]  Judge Bloom filed the R&R on October 30, 2023, and sent a copy to Petitioner at Great Meadow Correctional Facility.  (Entry Noting Copy of Documents Mailed dated Oct. 30, 2023.)  Petitioner's objections were initially due on November 13, 2023.  Having learned that Petitioner had been transferred from Great Meadow Correctional Facility to Sing Sing Correctional Facility subsequent to the date of Petitioner's last filing, the Court mailed all filings docketed since that date to his new location, and extended Petitioner's time to file objections to December 14, 2023.  (Order Extending Time to File Objections dated Nov. 14, 2023.)  The Court has not received any objections.

## I. Discussion

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) ("[T]his court has 'adopted the rule that when a party fails to object timely to a magistrate[] [judge's] recommended decision, it waives any right to further judicial review of that decision.'" (internal quotation marks omitted) (quoting *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988))); *Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (observing the same rule); *Almonte v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport

and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

Accordingly, the Court adopts the R&R in its entirety and denies Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court will not issue a certificate of appealability, *see* 28 U.S.C. § 2253, and it is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: January 9, 2024
Brooklyn, New York

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

4